

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,                    CR No. 05-60020-1-AA

                                                         OPINION AND ORDER

        Plaintiff,

    v.

ISRAEL GONZALEZ-ROBLES,

        Defendant.
_____

AIKEN, Judge:

    On January 31, 2006, defendant pled guilty to three counts of aiding and abetting the possession with intent to distribute five or more grams of methamphetamine; one count of aiding and abetting the possession with intent to distribute fifty or more grams of methamphetamine; one count of possession with intent to distribute 500 or more grams of a mixture containing methamphetamine; and one count of conspiracy to possess with intent to distribute 150 grams of actual methamphetamine; all in violation of 21 U.S.C. §§ 841(a)(1) and 846.

1      - OPINION AND ORDER

On August 1, 2006, the court held an evidentiary hearing to determine whether defendant qualifies under the "safety valve" provision of the Mandatory Minimum Sentencing Reform Act. See 18 U.S.C. § 3553(f). Under the safety valve provision, a defendant may obtain relief from an otherwise applicable mandatory minimum sentence if:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise . . .; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

Id. A defendant has the burden of proving by a preponderance of the evidence that he is eligible for safety-valve relief. United States v. Ferryman, 444 F.3d 1183, 1186 (9th Cir. 2006).

In this case, the parties dispute whether defendant possessed firearms "in connection" with his offenses of conviction. On March 9, 2005, search warrants were executed at defendant's restaurant

2    - OPINION AND ORDER

and residence. In the restaurant basement, law enforcement officers found drug trafficking paraphernalia (including scales and packaging materials), over 2,600 grams of a mixture containing methamphetamine, two rifles with scopes, two shotguns (one with a pistol grip), two disassembled long guns, and ammunition. In defendant's residence, law enforcement officers found a .380 handgun on top of a bedroom dresser beside defendant's jacket which held a sealed bag of 4.6 grams of methamphetamine. Inside the dresser's top drawer were two small bags of methamphetamine.

Defendant argues that the weapons were not connected to drug trafficking activities. Defendant maintains that his restaurant was used simply for storage of the methamphetamine, and that he was "surprised" to find out that his co-defendants were dealing drugs from his restaurant. Defendant testified that he did not directly engage in any drug transactions, and that the numerous firearms found in his basement, including a pistol grip shotgun, were used for hunting and target shooting.

However, a firearm does not have to be present when the actual drug transactions occurred; it need only be connected with the criminal course of conduct. See <u>United States v. Stewart</u>, 926 F.2d 899, 902 (9th Cir. 1991). Here, the government presented evidence and testimony that defendant delivered methamphetamine on at least one occasion, that several drug transactions took place at defendant's restaurant, and that numerous firearms - including a

3    - OPINION AND ORDER

pistol grip shotgun - were stored in the restaurant basement along with a substantial amount of methamphetamine and related paraphernalia. These facts support a finding that defendant possessed the firearms in connection with drug trafficking activities. See <u>United States v. Willard</u>, 919 F.2d 606, 610 (9th Cir. 1990) ("The proximity of guns and drugs is usually circumstantial evidence of possession during the commission of a drug offense."). I find defendant's explanation for the firearms clearly implausible in light of the number and type of firearms found in close proximity to a large amount of methamphetamine. <u>Ferryman</u>, 444 F.3d at 1186-87 (citing <u>United States v. Stewart</u>, 306 F.3d 295, 327 & n. 19 (6th Cir. 2002) and <u>United States v. Hallum</u>, 103 F.3d 87, 89-90 (10th Cir. 1996)).

## CONCLUSION

Defendant fails to show by a preponderance of the evidence that he did not possess firearms in connection with the offenses of conviction. Accordingly, defendant is not eligible for relief under the safety valve provision, and his motion (doc. 122) is DENIED.

IT IS SO ORDERED.

Dated this 22 day of August, 2006.

_____
Ann Aiken
United States District Judge

4    - OPINION AND ORDER