FILED '09 AUG 12 14:32USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    CR No. 05-60020-1-AA

OPINION AND ORDER

Plaintiff,

v.

ISRAEL GONZALEZ-ROBLES,

Defendant.

AIKEN, Chief Judge:

Defendant, appearing *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The motion is denied.

BACKGROUND

On January 31, 2006, defendant pled guilty to three counts of aiding and abetting the possession with intent to distribute five or more grams of methamphetamine; one count of aiding and abetting the possession with intent to distribute fifty or more grams of methamphetamine; one count of possession with intent to distribute

1   - OPINION AND ORDER

500 or more grams of a mixture containing methamphetamine; and one count of conspiracy to possess with intent to distribute fifty or more grams of actual methamphetamine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. Prior to defendant's indictment and change of plea, officers executed a search warrant at defendant's restaurant, where they found drug trafficking paraphernalia, more than 2,600 grams of a mixture containing methamphetamine, two rifles, two shotguns, two disassembled long guns, and ammunition.

On August 1, 2006, the court held an evidentiary hearing to determine whether defendant qualified under the "safety valve" provision of the Mandatory Minimum Sentencing Reform Act. See 18 U.S.C. § 3553(f); United States v. Ferryman, 444 F.3d 1183, 1186 (9th Cir. 2006). Defendant argued that he was eligible under the safety valve, because the firearms were not connected to his drug trafficking activities and maintained that the numerous firearms found in his restaurant basement, including a pistol grip shotgun, were used for hunting and target shooting. The court found defendant's explanation implausible given the number and type of weapons and their proximity to drugs and drug paraphernalia and held that defendant did not establish his eligibility under the safety valve provision. Defendant was subsequently sentenced to concurrent terms of 148 months imprisonment on all counts.

<u>DISCUSSION</u>

Defendant first claims that he received ineffective assistance

2    - OPINION AND ORDER

of counsel, because trial counsel allowed him to plead guilty to two counts alleging the same offense and to other offenses that were not crimes, and also failed to argue for a downward departure at sentencing based on aberrant behavior.    To demonstrate ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice.    Strickland v. Washington, 466 U.S. 668, 687 (1984).    In plea proceedings, the defendant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Donagiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).

Here, defendant fails to present any evidence that counsel's performance was deficient.    Defendant did not plead guilty to two counts alleging the same offense.    Defendant pled guilty to four counts of aiding and abetting the possession with intent to distribute certain quantities of methamphetamine on different dates (counts 5, 9, 10, 11), one count of possession with intent to distribute methamphetamine (count 12) and one count of conspiring to possess with intent to distribute methamphetamine (count 13) – all separate criminal offenses with distinct elements.    Further, given the fact that defendant pled guilty to possession and aiding and abetting the possession of methamphetamine with intent to

distribute on five different dates, counsel was not deficient in failing to seek a downward departure based on aberrant behavior.

Defendant also argues that his plea was not knowing or intelligent. Before entering a plea of guilty, the defendant must be aware of the nature and elements of the charges against him and the potential punishment. <u>Brady v. United States</u>, 397 U.S. 742, 749 (1970); <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-43 (1969). Defendant presents no argument or evidence to support his assertion that he did not knowingly and voluntarily change his plea. In fact, the court confirmed that defendant understood the nature and consequences of his plea, the applicable mandatory minimum and maximum sentences, and that he had discussed these issues with his attorney. <u>See</u> Government's Ex. 2, pp. 6-9. The court further advised defendant that any prediction by counsel was not binding on the court when imposing sentence and confirmed that no promises of leniency or of a particular sentence were made to defendant to induce his guilty plea. <u>Id.</u> p. 9-10, 12-13. Both defense counsel and defendant confirmed that he understood the nature of his actions and the resulting consequences, and counsel for the government was satisfied that defendant knowingly and voluntarily entered his plea of guilty. Therefore, I find no basis for defendant's claim of involuntary plea or ineffective assistance on this ground.

Defendant also argues that the court erred in finding him not

eligible under the safety valve.  For the reasons explained in my
previous ruling, I affirm my original finding that defendant failed
to establish that he did not possess firearms in connection with
his drug trafficking activities, given the number and type of
firearms and their proximity to drugs and drug paraphernalia.

Next, defendant claims that his status as a deportable alien
is a mitigating factor that should have been considered by the
court at sentencing.    However, a defendant cannot challenge
nonconstitutional sentencing errors in a § 2255 motion if those
alleged errors were not challenged in an earlier proceeding.
United States v. McMullen, 98 F.3d 1155, 1157 (9th  Cir. 1996)
(citing United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.
1995)).  Defendant did not raise this argument on direct appeal and
cannot now seek a downward departure or reduction in sentence based
on his status as a deportable alien.  Regardless, the court would
not have departed downward on this ground.  To the extent defendant
claims that his exclusion from Bureau of Prisoner programs based on
his status violates his rights to due process and equal protection,
these claims are without merit.  McLean v. Crabtree, 173 F.3d 1176,
1184-86 (9th Cir. 1999).

Finally, defendant argues that Congress and the courts do not
have authority to modify or amend the Fifth and Sixth Amendments to
permit changes of plea and allow a defendant to "testify" against
himself and alter the requirement of trial by jury.  Defendant also

5    - OPINION AND ORDER

argues that a charge of conspiracy shifts the burden of proof to the defendant, and that Congress was without authority to enact 21 U.S.C. §§ 841 and 846.  These claims are also without merit, as explained in the government' responsive memorandum.

<u>CONCLUSION</u>

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 223) is DENIED.

IT IS SO ORDERED.

Dated this _12_ day of August, 2009.


_____
Ann Aiken
Chief United States District Judge